IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Northrop Grumman Information Technology, inc., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-595C |
| THE UNITED STATES, | ) | (Senior Judge Smith) |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first three sentences of paragraph 1 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the fourth sentence of paragraph 1 only to the extent that an entity referring to itself as, "Northrop Grumman Computing Systems" filed a claim relating Air Force contract No. F016-94-D-0002, Delivery Order 5981, dated October 20, 1999 ("the contract") with the contracting officer for that contract, to the extent supported by the claim, which is the best evidence of its contents; otherwise denies the allegation in the fourth sentence of paragraph that the entity was "Plaintiff's affiliate" for lack of knowledge or information sufficient to form a belief as to its truth and denies the remainder of the allegations in the fourth sentence of paragraph 1 because they constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent the remaining allegations in the fourth sentence of paragraph 1 may be deemed allegations of fact, they are denied. Admits the allegation contained in the fifth sentence of paragraph 1 that the contracting officer issued a final decision, dated December 10, 2002, upon a claim upon the contract to the extent supported by the

contracting officer's final decision, which is the best evidence of its contents; otherwise denies this allegation. Further admits the allegation, contained in the fifth sentence of paragraph 1, that a lawsuit was filed upon the contract and that it was dismissed without prejudice, to the extent supported by the referenced pleadings, which are the best evidence of their contents; otherwise denies these allegations. Denies the remainder of the allegations contained in the fifth sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the sixth sentence of paragraph 1 to the extent supported by the referenced claim, which is the best evidence of its contents; otherwise denies these allegations. Admits the allegation contained in the seventh sentence of paragraph 1 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies this allegation. The allegations contained in the eighth sentence of paragraph 1 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits the allegations contained it the first sentence of paragraph 4 only to the extent that the Air Force had some involvement in the contract; otherwise, denies the allegations contained in the first sentence of paragraph 4. Admits the allegation contained in the second sentence of paragraph 4 only to the extent that Standard Systems Group, Directorate of Contracting administered the contract for some period of time; otherwise denies the allegations

contained in the second sentence of paragraph 4.

5. The allegations contained in Paragraph 5 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 are conclusions of law and plaintiffs characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegation contained the first sentence of paragraph 9 that the assets were delivered; otherwise denies the allegations contained in the first sentence of paragraph 9. The allegations contained in the second sentence of paragraph 9 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

10. Denies the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits the United States made a payment of $100,000 for Fiscal Year 1999. Further avers that the United States made an additional payment of $285,000 to Logicon on or

about December 3, 1999.

12. Admits the allegations contained in paragraph 12 that the United States did not exercise option 3; otherwise denies the allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, we admit them only to the extent supported by the contract and its modifications, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegation contained in paragraph 15 that defendant did not return the software media to Logicon, but avers that this was because Logicon requested that the defendant retain the media. Denies the remainder of the allegations contained in paragraph 15.

16. The allegations contained in paragraph 16 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 are conclusions of law and plaintiff's characterization of its case to which no response is required, to the extent they may be deemed allegations of fact, they are denied.

18. Denies.

19. The allegations contained in paragraph 19 are conclusions of law and plaintiff's

characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 20, or to any relief whatsoever.

22. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7586
Fax: (202) 514-7969

OF COUNSEL:

John T. Lauro
Air Force Legal Services Agency
1501 Wilson Blvd.
Arlington, VA 22209-2403

August 2, 2005

Attorneys for Defendant