IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTHROP GRUMMAN INFORMATION TECHNOLOGY, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-595C |
| THE UNITED STATES, | ) | (Senior Judge Smith) |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

In accordance with Rule 16 of the Rules of the United States Court of Federal Claims ("RCFC"), and Appendix A to this Court's rules, the parties respectfully submit the following joint preliminary status report. The lettered and numbered paragraphs below correspond with the lettered and numbered paragraphs of Part III of Appendix A.

**a. Does the Court have jurisdiction over the action?**

This is an action under the Contract Disputes Act of 1978, 41 U.S.C. § 409(a) ("CDA"). Plaintiff filed a certified claim which was denied by the contracting officer June 2, 2005, and suit was filed June 3, 2005. Plaintiff asserts that the Court possesses jurisdiction under 28 U.S.C. § 1491(a)(1) and that plaintiff is the same entity as the contractor, Logicon, Inc., having changed its name. The Government entertains some doubts about plaintiff's identity in this case, which it anticipates resolving through discovery.

**b. Should the case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

**c. Should the trial of liability and damages be bifurcated?**

The parties agree that trial of liability and damages should not be bifurcated.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e. Will a remand or a suspension be sought?**

The parties agree that no remand or suspension will be sought.

**f. Will additional parties be joined?**

The parties agree that no additional parties will be joined.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?**

Plaintiff intends to file a Motion for Partial Summary Judgment under RCFC 56 after discovery. Plaintiff believes 90 days are necessary for discovery completion and could file its RCFC 56 Motion in 30 days thereafter. The Government has not yet determined whether it will file a dispositive motion.

**h. What are the relevant issues?**

Plaintiff articulates two issues:

1. From plaintiff's point of view, there are two issues which arise from the nature of the transaction in suit. In the contract, plaintiff leased to the government certain software provided by a third party. To induce plaintiff to lease, the government issued an essential use letter and warranted that the lease of software was mission critical. This warranty was the basis of the bargain and relied upon by plaintiff. It turned out that the government merely wanted to test the software, i.e., the warranty was inaccurate. The factual issue is whether, in fact, the software was acquired as part of a test, in which case the warranty was breached and the

government is liable for breach of warranty.

2. The other issue is factual in nature; the government covenanted that, if the lease was terminated early or not renewed, it would not substitute "an asset performing the functions which the leased asset was obtained to perform." The contracting officer's decision says that, after removing the leased software, it used existing software. Plaintiff believes this creates a factual issue as to what functions were performed and how by the leased software and the pre-existing (ABCS 6.0) software. Plaintiff believes it is too soon to tell if the facts are sufficiently clear on this issue to allow its resolution on summary judgment.

The Government sees the issues differently:

1. Whether the "essential use letter," not being either referenced by or incorporated into the contractual terms, nevertheless binds the Government, despite contractual language which provide bases for relieving the Government of any obligation to perform pursuant to the lease, which is contrary to the language of the essential use letter.

2. Whether the Government was released from its obligations under the lease by virtue of a clause in the lease which provided for such a release, if the "Bona Fide Needs of the Government for the Asset cease to exist and such a need is not fulfilled within the succeeding twelve months from the date of non-renewal/termination, with an Asset performing similar functions which the leased Asset was intended to perform." Resolution of this issue will depend upon the Government's determination that it no longer had bona fide needs for the "revolutionary multicast technology" provided by plaintiff's software and evidence that the Government procured no such software for the 12 months following non-renewal of the lease.

3. Whether plaintiff's decision to remove the software from the commercial market and to stop providing support for it otherwise would release the Government from its obligations

under the lease.

**i. What is the likelihood of settlement?**

At this time, the parties cannot state whether this case can be settled, although plaintiff is anxious for ADR. If deemed warranted, the parties will pursue settlement negotiations as the litigation progresses.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

Plaintiff feels it is entitled to judgment if it prevails on either of the two issues it articulated in h). Since plaintiff expects at least issue 1 to be resolvable on a RCFC 56 Motion, plaintiff believes a trial may be avoided. If plaintiff does not prevail on this motion, plaintiff expects that issue 2 will raise triable issues, but it is also possible that, after discovery, this, too, could be decided on a RCFC 56 Motion. Although the Government foresees a likelihood of its own success by dispositive motion, it believes that any such prediction prior to the beginning of discovery is premature.

**k. Is there any other information of which the Court should be aware at this time?**

Plaintiff states the following: Plaintiff originally filed this suit under No. 03-23C, using a different corporate name. Discovery proceeded, and then the government filed a Rule 12(b)(1) Motion to Dismiss, contending that plaintiff was not legal successor in interest to the contractor, Logicon, Inc. This was resolved by an agreed stipulation for dismissal without prejudice, after which plaintiff refilled the certified claim under a new corporate name, the contracting officer adhered to his original decision, and, thereafter, plaintiff filed this suit. For that reason, discovery in this action is half completed.

The Government disagrees with plaintiff's assertion that discovery is "half completed."

Discovery in the prior case was halted because plaintiff withdrew its suit, believing that it had not properly filed a claim with the Government under its own name.

**l. What is the proposed discovery plan?**

The parties request a 120-day factual discovery deadline, to be followed by a joint status report to advise the Court whether dispositive motions will be filed. Expert discovery may be appropriate after resolution of any dispositive motions or after any decision by the parties to not file dispositive motions.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Michael E. Geltner
MICHAEL E. GELTNER, Esq.
GELTNER & ASSOCIATES, P.C.
Number 10 E Street, S.E.
Washington, DC 20003
(202) 547-1136

s/J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7586
Fax: (202) 514-7969

Attorney for Plaintiff

Attorneys for Defendant

October 21, 2005