COPY
RECEIVED
OVER THE COUNTER
JUN 3 2005
THE OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

Northrop Grumman Information Technology, Inc., )
Plaintiff, )
vs. ) No. 05-cv-595
The United States of America, )
Defendant. )

COMPLAINT FOR BREACH OF CONTRACT

Plaintiff, for its complaint herein, alleges through counsel as follows:

1. This is an action for breach of contract against the United States Department of the Air Force under Contract No. F01620-94-D-0002, Delivery Order 5981 issued October 20, 1999, incorporating by reference leasing terms and conditions in I-CASE Special Offer No. 330, Revision 3 ("the Contract"). This action arises under the Contract Disputes Act of 1978, 41 U.S.C. § 409(a)(l) ("CDA"). Jurisdiction is based upon 28 U.S.C. § 1491(a)(l). Plaintiff's affiliate filed a timely certified claim with the contracting officer on or about June 12, 2002. The contracting officer issued a decision denying the claim on December 10, 2002 and plaintiff's affiliate brought suit under 03-23C, thereafter agreeing to dismiss without prejudice due to alleged wrong-party issues. Plaintiff filed a new claim alleging essentially the same facts on or about March 26, 2005. The contracting officer has denied this claim (see attached). This case is ripe for action in this court.

2. Plaintiff Northrop Grumman Information Technology, Inc., formerly known as Logicon. Inc. ("the Contractor") is the contractor under the Contract. The Contractor is a Delaware corporation.

3. ePlus Government, inc. ("ePlus") is a leasing company and a financing institution

and the Contractor's assignee. ePlus is a Virginia corporation. The Contractor is sponsoring this action on ePlus' behalf pursuant to written agreement.

4. The government agency involved is the United States Department of the Air Force. The Contract was administered by Standard Systems Group, Directorate of Contracting, Maxwell Air Force Base, Gunter Annex, Alabama.

5. In or about fiscal year 1999, defendant decided it needed certain Starburst software ("the Assets"). Defendant decided it wanted to acquire the Assets by lease.

6. In order to induce the Contractor to lease the Assets to defendant, defendant warranted to the Contractor without qualification that the Assets were essential and had a planned life cycle in excess of the lease term. This warranty was a central part of the contract and the basis for the bargain between the parties, and the Contractor relied on it. Defendant sought a multi-year lease under the incorporated terms and conditions.

7. Acting in reliance on defendant's warranty, the Contractor agreed to provide the Assets to defendant under a multi-fiscal year lease program.

8. Defendant issued Delivery Order 5981 under the Contract to initiate the lease of the Assets referencing the leasing terms and conditions for a lease year and 3 option years totaling $955,000 in rents.

9. The Assets were delivered and accepted. Acceptance has never been revoked or rescinded.

10. To lease the Assets to defendant, the Contractor acquired the software and licenses from the licensor. ePlus, in turn, financed the Contractor's performance by acquiring the right to receive defendant's rent payments by assignment from the Contractor.

11. Defendant made $100,000 of payments as agreed for fiscal year 1999.

12. Defendant failed to exercise the option to renew option year 2 and 3.

13. In the leasing terms and conditions, the parties agreed that non-appropriation could prevent annual renewals but that the renewal options would otherwise be exercised, and that defendant would use its best efforts to effect annual renewals to complete the full lease term. Defendant was also freed of the obligation to renew if there was no *bona fide* need for the Assets, but, in that case, defendant, for 12 months, could not perform the same functions with an Asset performing similar functions which the leased Asset was intended to perform.

14. Defendant agreed that, in the event of non-renewal or termination for convenience, it would return the Assets in 30 days at its expense and cease use and remove the Assets from its computers.

15. After failing to renew for fiscal year 2001, defendant failed to return the Assets, instead continuing to use the Assets without paying for them.

16. Defendant had appropriated funds available and was obliged to renew.

17. Defendant did not use best efforts to obtain appropriated funds or to effect renewals.

18. Plaintiff has suffered a shortfall in rents of $570,000.

<u>FIRST CLAIM – Breach of Contract</u>

19. Defendant is in breach of contract in the following respects:

a. non-appropriation of funds and lack of *bona fide* need were the only contractually permissible bases for defendant failing to renew the full lease term, and appropriated funds were available, and defendant violated the contract by performing similar functions with assets which the leased Assets were intended to perform within 12 months of non-renewal.

b. defendant agreed to use its best efforts to effect annual renewals and failed to do so, in fact making a conscious decision not to make any efforts.

c. defendant warranted that the Assets were essential when, in fact, they were acquired on a test basis and not essential.

d. defendant had no right to retain and/or use the Assets without renewal.

20. As a result of defendant's breach of contract, plaintiff has suffered damages of $570,000 in unpaid rents.

Wherefore, plaintiff seeks the following relief:

A. Damages of $570,000.

B. Interest under CDA from June 12, 2002.

C. Reasonable attorneys' fees.

D. Such other relief as is proper.

Dated: June 2, 2005

Respectfully submitted,

Michael E. Geltner, Esq.
Geltner & Associates, P.C.
Number 10 E Street, S.E.
Washington, DC 20003
Tel: (202) 547-1136
Fax: (202) 547-1138

Attorney for Plaintiff

Of Counsel:

Erica S. Stoecker, Esq.
ePlus Group, inc.
12595 Dulles Technology Drive
Hemdon, VA 20171-3413
Tel: (703) 984-8120
Fax: (703) 984-8720

DEPARTMENT OF THE AIR FORCE
HQ OPERATIONS AND SUSTAINMENT SYSTEMS GROUP (OSSG)
MAXWELL AIR FORCE BASE, GUNTER ANNEX ALABAMA

2 Jun 2005

MEMORANDUM FOR MICHAEL E. GELTNER, ESQ.
GELTNER & ASSOCIATES, P.C.
NUMBER TEN E STREET, S.E.
WASHINGTON DC 20003-2611

FROM: HQ OSSG/KAK-LR
200 E. MOORE DR, BLDG 888
MAFB-GUNTER ANNEX AL 36114

SUBJECT: Contract F01620-94-D-0002, Delivery Orders 5981 and 6022
Certified Claim and Final Decision of 10 December 2002

1. I received your letter dated 29 Mar 2005, and its enclosed 14 Mar 2005 memorandum on 4 Apr 2005. You characterized it as a "resubmittal" of the 12 Jun 2002 claim. Your latest submittal addresses the same issues covered in the 12 Jun 2002 claim submission, and I believe it is nothing more than a resubmittal of that 12 Jun 2002 claim.

2. I issued a Contracting Officer's Final Decision regarding the 12 Jun 2002 claim on 10 Dec 2002, and your client received a copy of that Final Decision on 10 Dec 2002. That decision was final. I decline your invitation to issue another one.

HARRY M. BRYAN III
Contracting Officer

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Northrop Grumman Information Technology, Inc., Plaintiff, | ) | |
| vs. | ) | No. ________________ |
| The United States of America, Defendant. | ) | |

NOTICE OF DIRECTLY RELATED CASE PURSUANT TO RCFC 40.2

Please take notice that this case is related to No. 03-23C, Northrop Grumman Computing Systems, Inc. v. United States. The cases involve the same facts and contracts. The previous case was voluntarily dismissed without prejudice due to issues related to the identity of parties, and, after the filing of a new claim under CDA, this case represents a refilling which cures any alleged party defects.

Dated: June 2, 2005

Respectfully submitted,

Michael E. Geltner, Esq.
Geltner & Associates, P.C.
Number 10 E Street, S.E.
Washington, DC 20003
Tel: (202) 547-1136
Fax: (202) 547-1138

Attorney for Plaintiff

Of Counsel:

Erica S. Stoecker, Esq.
ePlus Group, inc.
12595 Dulles Technology Drive
Hemdon, VA 20171-3413
Tel: (703) 984-8120
Fax: (703) 984-8720