DEPARTMENT OF THE AIR FORCE
HEADQUARTERS STANDARD SYSTEMS GROUP (SSG)
MAXWELL AIR FORCE BASE GUNTER ANNEX ALABAMA

10 December 2002

MEMORANDUM FOR JOHN DEL BANDO
NORTHROP GRUMMAN CORPORATION
COMPUTING SYSTEMS
222 WEST SIXTH STREET
SAN PEDRO CA 90731

FROM: HQ SSG/PKS
501 E. MOORE DR, BLDG 884
MAFB-GUNTER ANNEX AL 36114

SUBJECT: Contracting Officer's Final Decision:
Northrop Grumman Computing Systems 12 June 2002 Claim
Contract F01620-94-D-0002 D.O. 5981 and Special Offer #330, Rev 3

1. You are seeking payment of $570,000 (plus interest) for options not exercised under Contract No. F01620-94-D-0002, P00220 and Delivery Order 5981. Delivery Order 5981 involved ID/IQ fixed-price commercial item CLINs, and was for the lease of interim licenses of commercial Starburst OmniCast server software, with options for maintenance support, and an option for ultimate purchase. The Base Period of the contract was for a lease from 20 Oct 99 through 30 Nov 99 for a price of $100,000. Option Period 1 was for a lease from 1 Dec 99 through 30 Nov 00 for a price of $285,000. Option Period 2 was for a lease from 1 Dec 00 through 30 Nov 01 for a price of $285,000. Option Period 3 was a purchase option for $285,000, provided that the Base Period and both Option Periods 1 and 2 had been executed.

2. Your initial I-CASE lease proposal included language attempting to make lease terms for another software product a multiyear contract, and included settlement amounts for failure to exercise the option periods. The Government told you such terms were unacceptable, and that the Government would not enter such a contract. You then revised your proposal, taking out the portions of it that attempted to make exercise of the options a requirement and the portions containing liquidated amounts for failure to exercise an option. The negotiated, revised I-CASE lease terms, not the original Logicon lease proposal, were the basis for the Starburst delivery order. The parties negotiated an ID/IQ contract, according to the language in DO 5981, with options exercisable at the discretion of the Government.

3. The Government entered into a contract for the base period with the issuance of Delivery Order 5981, and subsequently issued Delivery Order 6022 to exercise and fund Option Period 1. However, the Government did not exercise any other options.

4. The preliminary testing of your product indicated it was potentially capable of meeting the Government's needs. However, when your product was evaluated in field tests (conducted from Jan 00 through Apr 00 ), several limitations were discovered. The dynamics of the battlefield, NTDR environment negatively affected the OmniCast software's performance, and the Government determined it did not have a bona fide need for this multicast technology and would be better served by not exercising Option Period 2, but instead relying on technical capabilities that were already inherent in the ABCS 6.0 baseline—the OmniCast software was *not* replaced with a functionally similar multicast asset. The negotiated terms of the lease expressly recognized this basis for non-renewal of the option.

5. Additionally, the character of the product the Government was leasing from you changed dramatically when your vendor, Starburst, chose to sell its company to Adero in Mar 00. The product would no longer have the chance to be improved by commercial market competition, as Adero announced the product would no longer be sold commercially nor would Adero continue to provide future upgrades and updates to the software—only a 12-month period of patches or fixes, and 5X8 phone support. Indications are Adero bought OmniCast for the purpose of keeping it out of the hands of its potential competitors. The deficiencies of the OmniCast software would not be addressed in commercial upgrades and the source code for the OmniCast software would remain proprietary and would not be released or sold to the Army so that the Army could maintain and upgrade the OmniCast software on its own.

6. In evaluating whether to exercise Option Period 2, the Government determined it no longer had a bona fide need for OmniCast's multicast technology. The OmniCast software did not meet the bona fide requirements of the ABCS software version being fielded. The Government then did what it was entitled to do under the terms of Delivery Order 5981: it did not exercise Option Period 2. The Government did not breach the terms of the contract.

7. My response to the five reasons you claim the Government breached its contract with you is as follows:

a. The terms of the contract expressly allowed for circumstances other than non-appropriation of funds as a reason for not exercising the option periods. You may have desired contract terms that made the contract essentially a multiyear contract, as your initial I-CASE lease proposal language sought to do, but your initial proposal terms were rejected. The parties negotiated their removal, and the language of the contract as signed reflects that removal.

b. When the Government notified you it was not going to exercise Option Period 2, Guy Speers (Vice-President of Logicon Applications Solutions) told the Government not to return the software "or make any definitive decisions about its disposition" until you met with the Government about it. The Government complied with your request, and to date, has not received any contrary direction. The Government has not used the software since the expiration of Option Period 1.

c. The Essential Use letter you prepared, and told the Government you needed signed in order to obtain financing to perform Delivery Order 5981 did not modify the later bilaterally negotiated, signed terms of P00220 and DO 5981, does not create a warranty, nor does it take

away the Government's discretion not to exercise an option. Nothing in the language of the Essential Use letter made the contract a multiyear contract.

d. The fact that the software was of use in the Base Period and Option Period 1 did not require the Government to then purchase a lease for its license for Option Period 2.

e. The Government had no obligation to seek funding for an option period for which it did not have a bona fide need.

8. This is my final decision. You may appeal this decision to the Armed Services Board of Contract Appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the Armed Services Board of Contract Appeals and provide a copy to me. The notice shall indicate that an appeal is intended, reference this decision and identify the contract by number. With regard to appeals to the Armed Services Board of Contract Appeals, you may, solely at your election, proceed under the Board's small claim procedures for claims of $50,000.00 or less, or its accelerated procedure for claims of $100,000.00 or less. Instead of appealing to the Armed Services Board of Contract Appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

HARRY M. BRYAN III
Contracting Officer

RECEIVED JUN - 6 2005

DEPARTMENT OF THE AIR FORCE
HQ OPERATIONS AND SUSTAINMENT SYSTEMS GROUP (OSSG)
MAXWELL AIR FORCE BASE, GUNTER ANNEX ALABAMA

2 Jun 2005

MEMORANDUM FOR MICHAEL E. GELTNER, ESQ.
GELTNER & ASSOCIATES, P.C.
NUMBER TEN E STREET, S.E.
WASHINGTON DC 20003-2611

FROM: HQ OSSG/KAK-LR
200 E. MOORE DR, BLDG 888
MAFB-GUNTER ANNEX AL 36114

SUBJECT: Contract F01620-94-D-0002, Delivery Orders 5981 and 6022
Certified Claim and Final Decision of 10 December 2002

1. I received your letter dated 29 Mar 2005, and its enclosed 14 Mar 2005 memorandum on 4 Apr 2005. You characterized it as a "resubmittal" of the 12 Jun 2002 claim. Your latest submittal addresses the same issues covered in the 12 Jun 2002 claim submission, and I believe it is nothing more than a resubmittal of that 12 Jun 2002 claim.

2. I issued a Contracting Officer's Final Decision regarding the 12 Jun 2002 claim on 10 Dec 2002, and your client received a copy of that Final Decision on 10 Dec 2002. That decision was final. I decline your invitation to issue another one.

HARRY M. BRYAN III
Contracting Officer