# In the United States Claims Court

FILED JUL 31 1986

No. 428-82 C

MUNICIPAL LEASING CORPORATION

JUDGMENT

v.

THE UNITED STATES

Pursuant to the opinion of July 31, 1986, directing entry of judgment in favor of plaintiff,

IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 58, that plaintiff recover of and from the United States the sum of $78,906 together with interest pursuant to 41 U.S.C. § 611 (1982), from February 1, 1982, with no costs to be assessed.

[For the purposes of 41 U.S.C. § 612(c), the applicable agency is the Department of the Air Force; Contract No. F25600-80-C-0071]

Frank T. Peartree

Clerk of Court

July 31, 1986 By: Linda A. Eddins

Deputy Clerk

NOTE: As to appeal, 60 days from this date, see FRAP 4(a)

# In the United States Claims Court

No. 428-82C

(Decided July 31, 1986)

| | | |
|---|---|---|
| MUNICIPAL LEASING CORPORATION | ) | THIS OPINION WILL NOT BE PUBLISHED IN THE U.S. CLAIMS COURT REPORTER BECAUSE IT DOES NOT ADD SIGNIFICANTLY TO THE BODY OF LAW AND IS NOT OF WIDESPREAD INTEREST. |
| v. | ) | |
| THE UNITED STATES | ) | |

Michael E. Geltner, Washington, D. C., attorney of record, for plaintiff. Geltner & Ritchie, of counsel. Sharon Y. Eubanks, Washington, D. C., with whom was Acting Assistant Attorney General Richard K. Willard, for defendant. Stephen R. Bergenholtz, of counsel.

OPINION

MEROW, Judge: This matter is presently before the court on plaintiff's motion for summary judgment, defendant's response thereto and plaintiff's reply to defendant's response. The facts have been presented in prior decisions. See Municipal Leasing Corp. v. United States, 7 Cl. Ct. 43 (1984); Municipal Leasing Corp. v. United States, 1 Cl. Ct. 771 (1983).

The background facts contained in the record are not now in dispute. The parties' submissions show that the plaintiff and defendant are essentially at odds over the issue of the value of the computer terminals returned to plaintiff by defendant subsequent to termination of plaintiff's contract by defendant and whether plaintiff is entitled to recover amounts withheld by the government during contract administration involving specific invoice periods.

The applicable measure of damages in this matter is one which "places the injured party in as good a position as the party would have been in had the contract been performed." James S. Lee & Co., Inc. (U.S.A.) v. United States, 9 Cl. Ct. 322, 323 (1986), citing, Miller v. Robertson, 266 U.S. 243, 247 (1924). See also, L'Enfant Plaza Properties, Inc. v. United States, 3 Cl. Ct. 582

(1983), aff'd, 746 F.2d 1490 (Fed. Cir. 1984); State of Arizona v. United States, 216 Ct. Cl. 221, 237-38, 575 F.2d 855, 864 (1978); Northern Helex Co. v. United States, 207 Ct. Cl. 862, 524 F.2d 707 (1976); J. D. Hedin Constr. Co. v. United States, 197 Ct. Cl. 782, 803, 456 F.2d 1315, 1327-28 (1972).

On the facts in this case, damages to be awarded to plaintiff are determined to consist of the contract price, minus the payments made to plaintiff by defendant, less any benefit plaintiff may have received by reason of the termination.

As the computer terminals involved were returned to plaintiff, any remaining value they then possessed would be a benefit to plaintiff and must be applied in reduction of the contract price recovery. If defendant is to be held liable for the contract price, it must also be credited with any remaining value of the terminals to which it would then be entitled under the contract.

Plaintiff's position is that the terminals, upon return, were essentially without any marketable value. Defendant expresses disagreement with this position by asserting that the terminals had some value. However, no dollar value is cited for the equipment nor has any specific evidence been presented to controvert plaintiff's zero value position.

Defendant further argues that plaintiff did not mitigate damages arising out of the contract's termination and, thus, defendant would not be liable for any costs stemming from plaintiff's alleged failure of its duty to mitigate.

While determining the value of the returned terminals could, under certain circumstances, present a genuine issue of material fact thereby precluding resolution of this matter on summary judgment motions, it is concluded on the basis of the pleadings filed, documents appended thereto and filings in connection therewith, that no such issue exists. Plaintiff has met its burden in showing that the computer terminals were without any appreciable value upon their return by defendant. 1/

---

1/ Although evidence presented by both parties shows that some of the terminals were damaged in transit from Offutt AFB to plaintiff's place of business, the material submitted still supports the fact that, upon shipping, the computer terminals had negligible, if any, marketable value.

Plaintiff has submitted affidavit testimony and deposition evidence showing that it attempted to re-market the terminals, but that it failed in its efforts to realize any monetary recovery from them. Defendant has not presented any specific evidence to raise a triable issue as to the market value, if any, of the terminals upon return by defendant. Defendant also has not raised any triable issue concerning mitigation of damages. Thus, on the present submissions, plaintiff is entitled to prevail as a matter of law. Anderson v. Liberty Lobby, Inc., ___ U.S. ___ (No. 84-1602, June 25, 1986); Celotex Corp. v. Catrett, ___ U.S. ___ (No. 85-198, June 25, 1986); see Midwest Indus. Painting of Florida, Inc. v. United States, 4 Cl. Ct. 124, 134 (1983).

As to the issue of defendant's liability for the portion of six of a total of 12 payments made for less than full contract price, it is concluded that plaintiff is entitled to recover the amount of withheld payments. Defendant argues that since the "Payment" clause of the contract required the government to make lease payments on only the actual number of conforming units delivered during each invoice period, the plaintiff is not entitled to recover any amount deducted from lease payments when delivered units were not acceptable and therefore not in use by the government during the relevant invoice period. This argument would have relevance only if the contract was, correctly, not continued to the end of its term. The government has, in effect, conceded that in the event of contract completion, with title passing to the equipment, plaintiff would be entitled to recoup amounts deducted from lease payments. The contractual terms show the parties contemplated that upon receipt of all lease payments, defendant would receive title to all 10 computer terminals. If plaintiff's contract had not been terminated in an invalid manner, plaintiff would have received full contract payment. Plaintiff's only duty under the contract was to provide defendant with a specified quantity and type of computer terminals as selected by defendant. Plaintiff upheld its end of the bargain; defendant did not do the same. In this case no reason has been shown why plaintiff should not receive the full amount provided under the contract for the equipment it obtained at the request of the Air Force. Accordingly, it is concluded that the contract price to which plaintiff is entitled should include the $8,987.20 portion withheld by defendant.

## Conclusion

For the foregoing reasons, it is ORDERED that, in these Rule 56 proceedings, final judgment shall be entered against the United States and in favor of plaintiff in the amount of $78,906 plus interest thereon, pursuant to 41 U.S.C. § 611, from February 1, 1982, with no costs to be assessed. 2/

---

2/ The $78,906 is obtained by subtracting contract payments made by the Air Force of $50,938 from the total contract price of $129,844. For purposes of 41 U.S.C. § 612(c), the contracting agency was "Base Contracting Division, Offutt Air Force Base, NE 68113."