**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **NORTHROP GRUMMAN INFORMATION TECHNOLOGY, INC.** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 05-595C** |
| **THE UNITED STATES OF AMERICA,** | ) | **Hon. Loren A. Smith, Senior Judge** |
| **Defendant.** | ) | |

**PROPOSED FINDINGS OF UNCONTROVERTED FACT**[1]

1. Plaintiff contracted with the United States Air Force to provide certain Starburst software ("the Software") to be used by the United States Army, CECOM, under a lease covering four periods, an initial term and three option years.[2]

2. The contract was an order issued against plaintiff's I-Case contract, in response to a Special Offer.[3]

3. The order incorporated by reference the Leasing Terms and Conditions contained in plaintiff's Special Offer.[4]

4. The incorporated-by-reference Leasing Terms and Conditions provided that it was "mutually understood and agreed that as an inducement for the Contractor to enter into this Agreement, the Government has provided required information relative to the essential use" of the Software.[5] The Contract also allowed the government, under the stated circumstances, not to exercise renewal options.[6]

---

[1] Fact statements are cross-referenced to the memorandum filed herewith ("Mem. __"), which cross-references to depositions and exhibits.
[2] Mem. 3.
[3] *Id*.
[4] *Id*.
[5] *Id*.
[6] App. 103-4.

5. Prior to the Order, CECOM, the using agency, gave plaintiff an essential need letter stating that the Software was essential to CECOM's system and was integral to it.[7]

6. The statements in the essential need letter were a warranty, as they were affirmations of fact made on the understanding and intention that plaintiff would rely in lieu of conducting its own investigation.[8]

7. In fact, the Software was neither essential to CECOM nor integral to its system. Rather, it was acquired as a "potential" solution to a problem based on a "sales pitch" and had neither been demonstrated nor tested, let alone made a part of CECOM's system.[9]

8. Plaintiff relied on the essential need letter in entering into the Contract and buying the Software licenses from Starburst to lease to the Government.[10]

9. When the Software was delivered, CECOM accepted it and thereafter tested it and determined there were major problems which prevented it from working in a tactical environment.[11]

10. After the Software failed its test, CECOM decided not to exercise the renewal options for years 3 and 4, leaving plaintiff with a $570,000 shortfall.[12]

11. CECOM had no funding shortage, and lack of funds had nothing to do with the decision not to renew.[13]

12. As a result of the Government's breach of warranty, plaintiff failed to receive payments of $570,000 under the Contract, and there was no saved cost of performance, as plaintiff had paid Starburst for the Software at the outset of the transaction.[14]

---

[7] Mem. 3.
[8] *Id;* Mem. 8-9.
[9] Mem. 4, 6-7.
[10] Mem. 5-6.
[11] Mem. 6.
[12] Mem. 6, 11.
[13] Mem.7.

Respectfully submitted,

/s/ Michael E. Geltner, Esq.
Michael E. Geltner, Esq.
Geltner & Associates, P.C.
Number 10 E Street, S.E.
Washington, D.C. 20003
T: (202) 547-1136
F: (202) 547-1138

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Proposed Findings of Uncontroverted Fact was sent this 15th day of November, 2006 by electronic filing transmission to:

J. Reid Prouty, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attention: Classification Unit, 8th Floor
1100 L Street, NW
Washington, DC 20530

/s/ Michael E. Geltner, Esq.

[14] Mem. 10-11.