**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **Northrop Grumman Information Technology, Inc.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 05-595C** |
| **The United States of America** | ) | **Hon. Loren A. Smith, Senior Judge** |
| **Defendant.** | ) | |

**DECLARATION OF MICHAEL E. GELTNER**

1. I am counsel for plaintiff and submit this declaration in opposition to defendant's cross-motion for summary judgment. ePlus Government, inc. ("ePlus") is a leasing company which has served as a financing institution for various Northrop Grumman Corporation subsidiaries, including Logicon, Inc. ePlus is a financially interested party in this suit, which is a sponsorship action.

2. After ePlus learned of the Air Force's failure to exercise its renewal option, Northrop Grumman agreed to sponsor a claim and, if necessary, a subsequent action. I was asked to draft the certified claim, and I did so, listing the contractor as Logicon, Inc. Northrop Grumman changed the name on the claim and certified and submitted it, explaining that Northrop Grumman Computing Systems, Inc. ("NGCSI") was the business successor to Logicon, Inc. After the contracting officer denied the claim, I was asked to file suit, and, based on Northrop Grumman's statement that NGCSI was business successor to Logicon, Inc., I drafted and filed the complaint in No. 03-23C, listing NGCSI as plaintiff.

3. After completion of document discovery in No. 03-23C, defendant moved to dismiss for lack of jurisdiction under Rule 12(b)(1), contending that plaintiff had not proved that NGCSI was legal successor to Logicon, Inc. and, therefore, lacked standing to sue. In response,

I asked Northrop Grumman's general counsel's office for documentation supporting the position that NGCSI was successor to Logicon. I was given various documents, as well as a June 25, 2004 letter from Northrop Grumman's general counsel's office, which supported NGCSI's status as business successor to Logicon, Inc., and I submitted this in response to defendant's motion. I was not given corporate papers. In reply, defendant pointed out that "Northrop has failed to produce corporate records" and contended that these are "routine documents that would be available, if Northrop were truly the successor to Logicon, Inc. The fact that none of the obvious documents (which would be in the possession of a successor corporation) were submitted to the Court supports an adverse inference that Northrop is not the successor corporation."[1] Defendant complained in particular that we had "failed to submit any Relevant State Filing."[2]

4. After receiving defendant's reply, I agreed that legal successor status to Logicon, Inc. should be determined by corporate records filed with the state, and I researched corporate records in California and Delaware (I should have done this earlier but deferred because of the cost Delaware imposes for corporate record searches). I concluded that the legal successor to Logicon, Inc. was Northrop Grumman Information Technology, Inc. ("NGITI"), a Delaware corporation. I submitted this conclusion to my clients with the recommendation we agree to dismiss No. 03-23C without prejudice and refile the claim in the name of NGITI. My client agreed. I proposed this course of action to defendant's counsel, who also agreed. The parties executed a stipulation for dismissal without prejudice on October 20, 2004,[3] and the court thereafter entered the requested dismissal.

5. Thereafter, I prepared an identical certified claim, this time in the name of NGITI, and submitted it to Northrop Grumman's general counsel's office. The certification was duly

[1] Exhibit 1 at 3.
[2] *Id*. at 7.
[3] Exhibit 2.

signed, and I submitted it to the contracting officer. After he declined to change his original decision, Northrop Grumman's general counsel's office authorized me to bring suit, and I filed this action, naming NGITI as the plaintiff.

6. I believe that public corporate filing records establish that NGITI is the sole legal successor to Logicon, Inc. Exhibit 3 is a certified corporate record from the California Secretary of State.[4] It establishes that Logicon, Inc. was originally formed as a California corporation on April 10, 1961, that a Delaware corporation named Logicon, Inc. was formed July 28, 1978 and that, after a vote of the California corporation's board of directors on July 31, 1978, the California corporation was merged into the Delaware corporation, leaving Logicon, Inc., a Delaware corporation, as sole successor. This was recorded in California August 24, 1978.

7. Exhibit 4 is a certified corporate record from Delaware. It shows that Logicon, Inc. was formed as a Delaware corporation on July 28, 1978.

8. Exhibit 5 is a certified corporate record from Delaware. It shows that the California corporation, Logicon, Inc., was merged into the Delaware corporation Logicon, Inc., on August 14, 1978, i.e., only the Delaware corporation survived.

9. Exhibit 6 is a certified corporate record from Delaware. It shows that, on June 29, 2001, a Delaware corporation named Logicon FDC, Inc. was merged into Logicon, Inc.

10. Exhibit 7 is a certified corporate record from Delaware. It shows that, on October 12, 2001 at 2:00 P.M., Logicon, Inc., amended its articles of incorporation to change its name to Northrop Grumman Information Technology, Inc.

11. Exhibit 8 is a certified corporate record from Delaware. It shows that, on October 12, 2001 at 2:05 P.M., a new corporation named Logicon, Inc. ("New Logicon") was formed in

[4] I actually filed this document in No. 03-23C.

Delaware. The exhibit contains the articles of incorporation, showing that New Logicon was a new and different corporation and not in the corporate chain from the original Logicon, Inc.

I declare the foregoing to be true under penalty of perjury under the laws of the United States of America.

Dated: January 17, 2006

/s/ Michael E. Geltner
Michael E. Geltner, Esq.