IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTHROP GRUMMAN COMPUTING SYSTEMS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-23C |
| THE UNITED STATES, | ) | (Senior Judge Smith) |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The United States entered into a contract with Logicon, Inc. In the complaint, plaintiff, Northrop Grumman Computing Systems, Inc. ("Northrop"), seeks damages based upon the Logicon contract.

In the course of discovery, as a matter of routine, we sought proof that Northrop is the successor to the contractor, Logicon, Inc. No proof was produced.

In our motion to dismiss, we challenged Northrop's allegation that it is the successor to Logicon, Inc. In order to defeat our motion, Northrop need only have produced its own corporate records demonstrating that it is the successor to Logicon, Inc.

Northrop has failed to do so.

In response to our motion, Northrop makes two principal arguments. Neither has merit.

First, Northrop alleges a chain of corporate identity that is impossible on its face. While there are many problems with the corporate chain that Northrop alleges, the most fundamental problem is this: a corporation incorporated in Delaware is not the same entity as a corporation incorporated in Maryland - even if the two corporations have the same name.

Second, Northrop alleges that it is improper to require Northrop to prove that it is the successor to the actual contractor, Logicon, Inc. Instead, Northrop argues that the United States should be required to prove that Northrop is not the successor to Logicon Inc. This argument fails as a matter of law.

For the reasons set forth more fully below, Northrop has failed to meet its burden of proving that it is the successor to Logicon, Inc., and so has failed to prove that there was privity of contract between Northrop and the United States. Accordingly, the complaint should be dismissed for lack of jurisdiction.

If Northrop seeks an opportunity to produce competent evidence of successorship to this Court, we will not oppose such a motion even though it is untimely. We are not seeking to be unfair to Northrop.

However, it is not unfair to require a plaintiff who sues

for breach of contract to prove that it is the contractor. Unless Northrop provides such proof, the complaint should be dismissed for lack of jurisdiction.

I. Northrop Has Failed To Produce Corporate Records

The "evidence" of successorship offered by Northrop is impossible on its face. Indeed, the evidence is so obviously wrong that it is difficult to resist the conclusion that Northrop knows that it is not the successor to Logicon, Inc.

In any event, before reviewing the scant and irrelevant evidence actually offered by Northrop in response to our motion, it is helpful to review what evidence was not submitted to the Court. Such a review highlights the routine documents that would be available, if Northrop were truly the successor to Logicon, Inc. The fact that none of the obvious documents (which would be in the possession of a successor corporation) were submitted to the Court supports an adverse inference that Northrop is not the successor corporation. Interstate Circuit, Inc. v. United States, 306 U.S. 208, 225-26 (1939); Bath Iron Works Corporation v. United States, 34 Fed. Cl. 218, 239-40 (1995).

The review also serves to alert Northrop to the evidence that it should produce to this Court if Northrop seeks an opportunity to submit further evidence.

A. Northrop Has Failed To Identify The State Where Logicon, Inc. Was Incorporated

As the Court knows, in the United States, nearly all corporations are formed under State law. Furthermore, different corporations having the same or similar names can be formed in different states. Accordingly, to precisely identify a corporation, it is necessary to identify the State where it was incorporated.

Northrop has failed to submit to the Court any affidavit or corporate record to establish the State where Logicon, Inc., the contractor, was incorporated. As we have previously informed the Court during a status conference, we have discovered a Logicon, Inc. which was a California corporation. We suspect - but do not know - that the contractor, Logicon, Inc., may have been incorporated in California.

In response to our motion, Northrop has implied that Logicon, Inc., the contractor, was a Delaware corporation. E.g., Pl. Br. at Tab 17, p. 2040 ("LOGICON, INC., a corporation organized and existing under the laws of Delaware").[1]

We assume that at one point in time - and perhaps at more

[1] "Pl. Br." refers to "Plaintiff's opposition to defendant's motion to dismiss for lack of jurisdiction," filed by Northrop on August 20, 2004.

than one point in time - there has been a Logicon, Inc. incorporated in Delaware. See Pl. Br. 7 ("In Delaware, a new "Logicon, Inc." was formed on October 12, 2001.") However, Northrop has submitted no proof to this Court that Logicon, Inc., the contractor, was a Delaware corporation. Indeed, Northrop has submitted no proof whatsoever regarding the State of incorporation of the contractor, Logicon, Inc.

This omission is crucial. It is impossible to document the chain of successorship without an established starting point.

The contract was formed on October 20, 1999. Work was performed, and, we presume, various taxes and fees were paid. Among the corporate taxes and fees routinely owed are monies paid to maintain a corporation in good standing in the State where it is incorporated. In short, it was necessary for Logicon, Inc., the contractor, to maintain a record of where it was incorporated, and records of the work that it performed, and it is extremely likely that Logicon, Inc., the contractor, did maintain such records.

If Northrop is truly the successor to Logicon, Inc., the contractor, then Northrop should possess such records. If Northrop fails to produce any record to prove the State where Logicon, Inc., the contractor, was incorporated in 1999, then

this Court should draw the adverse inference that Northrop is not the successor. Interstate Circuit, 306 U.S. at 225-26; Bath Iron Works, 34 Fed. Cl. 239-40.

B. Northrop Failed To Submit Any Records Of Any Corporate Transaction

In the complaint, Northrop has alleged that it is the corporate successor to Logicon, Inc., the contractor. As the Court knows, it is possible for one corporation to acquire another corporation, merge into another corporation, or change its name. Thus, it is possible that Northrop is the successor to Logicon, Inc. However, as the Court also knows, it is typical for any acquisition, merger or name change to be memorialized by formal documents.

When corporations are purchased, it is typical for a written purchase agreement to be drafted and signed by the relevant, authorized corporate officials.

When corporations are merged, it is typical for a written merger agreement to be drafted and signed by the relevant, authorized corporate officials.

When a corporation decides to change its name, it is typical for a written corporate resolution to be drafted and then signed by the relevant corporate officials.

If Northrop were truly the successor to Logicon, Inc., the contractor, then Northrop would possess such transactional

documents. However, Northrop has failed to submit to the Court any such transaction documents. Accordingly, the Court should draw the adverse inference that Northrop is not the successor to Logicon, Inc. Interstate Circuit, 306 U.S. at 225-26; Bath Iron Works, 34 Fed. Cl. 239-40.

C. Northrop Failed To Submit Any Relevant State Filings

As the Court knows, when a corporation is merged or changes its name, it is typical for the corporation to file amendments to its articles of incorporation with the Secretary of State's office, or similar office maintaining corporate records, in the State where the corporation is incorporated. If Northrop were truly the successor to Logicon, Inc., then Northrop would possess a copy of such filings. However, Northrop has failed to submit any relevant state filings to the Court. Accordingly, the Court should draw the adverse inference that Northrop is not the successor to Logicon, Inc. Interstate Circuit, 306 U.S. at 225-26; Bath Iron Works, 34 Fed. Cl. 239-40.

II. Northrop Has Failed To Prove A Corporate Chain Of Identity From Logicon, Inc. To Northrop

As demonstrated above, Northrop has failed to offer any proof concerning the State where Logicon, Inc. was incorporated when the contract was made. Accordingly, it is logically and legally impossible for Northrop to demonstrate

the chain of corporate successorship with the current record. Quite simply, Northrop has not established the starting point.

Furthermore, our review of the nature of the documents that should have been produced to this Court to demonstrate the chain of corporate successorship highlights Northrop's failure to offer proper proof in its response to our motion to dismiss. However, even reviewing only the documents that Northrop did submit, it is obvious that Northrop has failed to meet its burden of demonstrating that it is the successor to Logicon, Inc., the contractor.

A. Northrop Implies That Logicon, Inc. Was A Delaware Corporation

In response to our motion to dismiss, Northrop states:

> Delaware records show a series of companies merging into Logicon, FDC, Inc. on June 29, 2001. They also show Logicon FDC, Inc. and Logicon, Inc. merging on the same date.

Pl. Br. at 7. As noted above, Northrop has offered no proof that Logicon, Inc., the Delaware corporation, was the contractor at issue in this case. However, in its response to our motion to dismiss, Northrop has clearly implied that Logicon, Inc., the contractor, was a Delaware corporation.

B. Northrop Implies That Logicon, Inc., The Delaware Corporation, Became A Maryland Corporation

The documents attached to the Northrop response indicate that Logicon FDC, Inc., a Delaware corporation, was merged

into Logicon, Inc., a Delaware corporation on June 29, 2001, and that the remaining entity was Logicon, Inc., a Delaware corporation. Pl. Br. at Tab 17, p. 2040-42.

In response to our motion to dismiss, Northrop speculates that the merger of Logicon FDC, Inc. into Logicon, Inc. was a typographical error, and that Logicon, Inc. should have been merged into Logicon FDC, Inc.:

> There is one peculiarity in the corporate trail in that, while Logicon, Inc. and Logicon FDC, Inc. merged to become one corporation, the merger document does not state Logicon FDC, Inc. is the successor, but the name change into NGCS is from the name Logicon FDC, Inc. rather than Logicon, Inc.

Pl. Br. 9. Northrop's speculation is entirely unsupported, and implausible.

Moreover, even it were true that the resulting corporation was intended to be Logicon FDC, Inc., a Delaware corporation, Northrop has still not demonstrated a chain of successorship from Logicon, Inc. to Northrop.

Northrop speculates that Logicon, Inc. became Logicon FDC, Inc., which became Northrop:

> Delaware records show a series of companies merging into Logicon, FDC, Inc. on June 29, 2001. They also show Logicon FDC, Inc. and Logicon, Inc. merging on the same date.
>
> . . . On November 1, 2001, Logicon FDC, Inc. filed articles of amendment in

> Maryland changing the corporate name to NGCS [the plaintiff, Northrop].

Pl. Br. at 7 (emphasis added). There is an obvious problem with these allegations: how did Logicon FDC, Inc., the Delaware corporation, become Logicon FDC, Inc., the Maryland corporation?

Two corporations with identical names, incorporated in different states, are different corporations. See Pl. Br. at Tab 13, p. 2010 (on November 1, 2001, there existed a Maryland corporation called "Logicon FDC, Inc.").

We brought this problem to the attention of Northrop in May 2004. A1-2.[2] It is not logical to assume that a Delaware corporation is the same as a Maryland corporation simply because both corporations have the same name. It is disappointing to find the same fundamentally flawed allegation contained in a response filed by Northrop in August 2004.

In any event, Northrop has failed to demonstrate any chain of corporate successorship from Logicon, Inc., the contractor, to Northrop. Thus, Northrop has failed to meet its burden to demonstrate privity of contract, and the complaint should be dismissed for lack of jurisdiction.

---

[2] "A" refers to the appendix to this reply.

C. The Letter From Northrop's Counsel Is Unconvincing

In the appendix to Northrop's response to our motion to dismiss, Northrop has produced a letter from Northrop's counsel that contradicts the chain of corporate successorship alleged in the response itself:

> On October 23, 2000, Northrop Grumman acquired "Sylvest Management Systems Corporation" when it acquired its parent, "Federal Data Corporation." By a name change, on July 5, 2001, Sylvest Management Systems Corporation became "Logicon FDC, Inc." By a name change on November 1, 2001, Logicon FDC, Inc. became "Northrop Grumman Computing Systems, Inc." Northrop Grumman Computing Systems, Inc. [Northrop] is a wholly owned subsidiary of "Northrop Grumman Information Technology, Inc.," [NGIT] which was formerly known as Logicon, Inc.

Pl. Br. at Tab 16, p. 2037 (emphasis added).

First, the most obvious inconsistency is that counsel's letter alleges that Logicon, Inc. became NGIT. In the response filed by Northrop, NGIT is not any link in the alleged chain of corporate successorship (i.e., the alleged Logicon, Inc. to Logicon FDC, Inc. to Northrop chain). See Pl. Br. 7.

Second, even if it were true that Logicon, Inc., the contractor, became NGIT, and even if it were true that Northrop is a wholly owned subsidiary of NGIT, there is no alleged - and no proven - transaction moving the rights and

liabilities for the Logicon contract from NGIT to its alleged subsidiary, Northrop.

Third, the series of transactions described in the first three sentences appears to prove that Sylvest Management Systems Corporation - not Logicon, Inc. - was the forerunner of Logicon FDC, Inc, the Maryland corporation, and so the forerunner of Northrop (a Maryland corporation). Pl. Br. at Tab 16, p. 2037 (Sylvest Management Systems Corporation became Logicon FDC, Inc. became Northrop); see Pl. Br. at Tab 13, p. 2010 (Northrop is new name of a Maryland corporation).

D. The GSA Novation Is Unconvincing

At Tab 12 to the response, Northrop offers a novation recognizing Northrop as a successor to Federal Data Corporation. Pl. Br. at Tab 12, p. 2001. This is clearly irrelevant to this case. At issue in this case is whether Northrop is a successor to Logicon, Inc.

Furthermore, the novation is consistent with other evidence suggesting that Northrop was the successor to Sylvest Management Systems Corporation - not Logicon, Inc. Sylvest Management Systems Corporation was a subsidiary of Federal Data Corporation.

E. The Final Decision Is Not An Admission

Northrop submitted a claim in which Northrop alleged that

it was the successor to Logicon, Inc. Pl. Br. at Tab 1, p. 283. The contracting officer issued a final decision to the same entity that filed the claim. Pl. Br. at Tab 4, p. 280. The final decision does not question or decide whether Northrop's allegation in the claim (concerning successorship) is accurate. Accordingly, the final decision cannot fairly be construed as an admission.[3]

In any event, even assuming for the sake of argument that the contracting officer agreed that Northrop was the successor to Logicon, Inc., jurisdiction cannot be created by agreement where jurisdiction otherwise does not exist. E.g., John C. Grimberg Co. v. United States, 1 Cl. Ct. 253, 254 (1982), aff'd 702 F.2d 1362 (Fed. Cir. 1983).

III. Northrop Has The Burden To Demonstrate Jurisdiction

It is black letter law in this circuit that Northrop bears the burden to establish the facts that prove jurisdiction. Reynolds v. Army and Air Force Exchange Service, 846 F.2d 746, 748 (Fed. Cir. 1988); see McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

---

[3] Similarly, Northrop's cite to our answer does not identify any admission. Our answer states that Logicon, Inc. is "affiliated with, or" renamed as Northrop. Pl. Br. at Tab 3, ¶ 2. Northrop can be affiliated with Logicon, Inc. without being the successor. Indeed, we assume that Northrop is affiliated with Logicon, Inc.; otherwise, we could only conclude that the complaint was the product of fraud.

In this case, the burden should be light. All Northrop need do is prove that it is the corporate successor to Logicon, Inc., the contractor. Logicon's inability, or unwillingness, to submit the routine corporate records that should establish such facts raise an adverse inference that Northrop is not the successor. Interstate Circuit, 306 U.S. at 225-26; Bath Iron Works, 34 Fed. Cl. 239-40. Indeed, it is difficult to resist the conclusion that Northrop was not the proper affiliate to submit Logicon's claim to the contracting officer.

In its response, Northrop seeks to shift the burden of proof to the United States to prove that Northrop is not the corporate successor to Logicon, Inc. E.g., Pl. Br. 12 ("Under the "intertwined" rule discussed above, such showing [Northrop's proof of successorship] is not even necessary at this stage, since the government has not offered sworn evidence contra."). In other words, Northrop alleges that that this Court may not consider whether Northrop is the contractor until the United States conducts exhaustive discovery concerning the corporate history of Logicon, Inc., Northrop, and various affiliates. Northrop's contention lacks merit. Reynolds, 846 F.2d at 748.

Northrop cites common law from other circuits concerning

circumstances where jurisdictional facts are "intertwined" with the merits of the case. Pl. Br. at 2-4. However, these cases are inapposite. In this case, whether Northrop is the successor to the contractor has nothing to do with whether the United States breached the contract with Logicon, Inc.

If Northrop is the successor, it is possible that the United States may have breached its contract with Logicon, Inc. If Northrop is not the successor, it is equally possible that the United States may have breached its contract with Logicon, Inc.

Conversely, if Northrop is the successor, it is possible that the United States may not have breached its contract with Logicon, Inc. If Northrop is not the successor, it is equally possible that the United States may not have breached its contract with Logicon, Inc.

In short, the merits of the breach of contract claim are entirely independent of Northrop's status as a successor.

The cases cited by Northrop in its response involve different types of claims. In those cases, the claims were statutory claims. The same statute that created jurisdiction also defined the elements of the cause of action. In such cases, the jurisdictional fact may be identical to a fact essential to the cause of action:

> The question of subject matter jurisdiction and the merits will normally be considered intertwined where the statute provides both the basis of federal court subject matter jurisdiction and the cause of action. [Citation omitted.] Here, the federal statute, Title VII, both conveys jurisdiction and creates a cause of action. The determination of whether appellants come within an exception to Title VII is intertwined with the merits of the Title VII claim.

Clark v. Tarant County, Texas, 798 F.2d 736, 742 (5th Cir. 1986) (emphasis added); accord Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553 (9th Cir. 1987) (Jones Act claim); Augustine v. United States, 704 F.2d 1074 (9th Cir. 1983) (Federal Tort Claim Act claim); Thornhill Publishing Company, Inc. v. General Telephone & Electronics Corporation, 594 F.2d 730 (9th Cir. 1979) (Sherman Act claim); but see Martin v. Secretary of Health and Human Services, 62 F.3d 1403, 1405-07 (Fed. Cir. 1995) (rejecting intertwined contention even where the claim was statutory); Arbaugh v. Y&H Corporation, 2004 WL 1717531 (5th Cir. 2004) (describing split of authority in the circuits).

This Court need not decide whether the "intertwined" rule has any validity in this circuit because the "intertwined" rule is not raised by this case. In this case, the statute that creates jurisdiction is separate from legal authority (contract) that gives rise to the cause of action.

The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491, United States v. Testan, 424 U.S. 392, 397 (1976); Aetna Casualty & Surety Co. v. United States, 228 Ct. Cl. 146, 151, 655 F.2d 1047, 1051 (1981). Pursuant to this statute, an action may be maintained in this Court only if it is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a).

This statute does not create any substantive right of recovery against the United States for money damages. Testan, 424 U.S. at 398; Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 605-07, 372 F.2d 1002, 1007-09 (1967). Rather, the statute merely confers jurisdiction upon the Court whenever the substantive right exists. Testan, 424 U.S. at 398; United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983) (en banc). Thus, unless alleging a contract claim, a claimant must look beyond this jurisdictional statute and establish some substantive provision of law, regulation, or the Constitution, which can fairly be construed as mandating compensation, to state a claim within the jurisdiction of this Court. United States v. Mitchell, 445 U.S. 535, 538 (1980);

Connolly, 716 F.2d at 885.

In summary, Northrop has alleged a cause of action based upon the Logicon contract. The Logicon contract is separate from the Tucker Act, the statute waiving sovereign immunity from contract claims. (The Logicon contract is also separate from the administrative exhaustion requirements contained in the Contract Disputes Act, 41 U.S.C. § 601, et seq. ("CDA").)

To establish that this Court possesses jurisdiction to consider its claim that the Logicon contract was breached, Northrop must demonstrate that it possesses rights under the Logicon contract, i.e., that Northrop is the successor to Logicon, Inc. See Reynolds, 846 F.2d at 748 (plaintiff required to prove contract in order to establish jurisdiction). Northrop has failed to do so.

## CONCLUSION

For the reasons stated above, and in our motion to dismiss, we respectfully request that the complaint be dismissed for lack of jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN M. SIMKIN
Assistant Director

JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-6289
Fax: (202) 514-7969

Attorneys for Defendant

Of Counsel:

John T. Lauro
Air Force Legal Services Agency
1501 Wilson Blvd.
Arlington, VA 22209-2403

August 26, 2004

# APPENDIX

**U. S. Department of Justice**

Civil Division

DMC:BMS:JWPoirier
154-03-23

Telephone:
(202) 307-6289

*Washington, D.C. 20530*

May 19, 2004

**BY TELECOPIER AND FIRST CLASS MAIL**

Michael E. Geltner, Esq.
Geltner & Associates, PC
Number Ten Street, S.E.
Washington, DC 20003

Re: Northrop Grumman Computing Systems, Inc. v. United States, No. 03-23C (Fed. Cl.)

Dear Mike:

As we discussed, you have failed to prove that the named plaintiff, Northrop Grumman Computing Systems, Inc., is a successor to Logicon, Inc. The contract was awarded to Logicon, Inc. Unless you can prove that Northrop Grumman Computing Systems, Inc. is a successor, the complaint must be dismissed for lack of jurisdiction.

In your letter to me, dated May 19, 2004, you purport to establish the successor relationship. With all due respect, you have failed to do so.

The documents that you have produced so far establish the following facts about Logicon, Inc.:

1. The contract was awarded to Logicon, Inc. in October 1999. Page 1.

2. On June 29, 2001, there existed a Logicon, Inc., a DELAWARE corporation, that merged and subsumed Logicon FDC, Inc., a DELAWARE corporation. Pages 2022-24, 686, 690-91.

The documents that you have produced so far establish the following facts about the plaintiff, Northrop Grumman Computing Systems, Inc:

1. On November 1, 2001, Northrop Grumman Computing Systems, Inc., a MARYLAND corporation, merged and subsumed Logicon FDC, Inc., a MARYLAND corporation. Pages 2028, 683, 685.

Together, these facts do **not** prove that Logicon, Inc. was ever merged into Northrop Grumman Computing Systems, Inc.[1]

To date, you have proved is that there were two corporations named Logicon FDC, Inc. One was incorporated in Delaware; one was incorporated in Maryland. One was merged into Logicon, Inc. in June 2001; one was merged into the plaintiff in November 2001. In addition, you have offered other proof of other, unrelated corporations that merged into the plaintiff. All of this is plainly irrelevant.

Please provide proof that the contract rights and obligations of the contractor, Logicon, Inc. were properly acquired by the plaintiff prior to suit. If you cannot provide such proof, we will seek to have this case dismissed.

Thank you for the many courtesies that you have shown me. If you have any questions, please do not hesitate to call me at (202) 616-0856.

Very truly yours,

James W. Poirier
Trial Attorney
Civil Division

cc: John Lauro, Esq.

---

[1] In your letter, you also state "Paragraph 2 of the complaint also alleges that the contractor has also been known as Northrop Grumman Information Technology, Inc." Perhaps this is important; perhaps it is not. In any event, you offer no documents placing Northrop Grumman Information Technology, Inc. in a corporate chain that begins with Logicon, Inc. and ends with the plaintiff.

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 26th day of August 2004, I caused to be placed in the United States mail (first-class mail, postage prepaid) copies of "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION" addressed as follows:

Michael E. Geltner, Esq.
Geltner & Associates, PC
Number Ten Street, S.E.
Washington, DC 20003