# Delaware



*The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF INCORPORATION OF "LOGICON, INC.", FILED IN THIS OFFICE ON THE TWENTY-EIGHTH DAY OF JULY, A.D. 1978, AT 10 O'CLOCK A.M.

Harriet Smith Windsor

Harriet Smith Windsor, Secretary of State

0857847 8100

060928672

AUTHENTICATION: 5104308

DATE: 10-11-06

# CERTIFICATE OF INCORPORATION
# OF
# LOGICON, INC.

FIRST: The name of the Corporation is LOGICON, INC.

SECOND: The address of the registered office of the Corporation in the State of Delaware is 100 W. Tenth Street, in the City of Wilmington, County of New Castle. The name of its registered agent at that address is The Corporation Trust Company.

THIRD: The purpose of the Corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of the State of Delaware.

FOURTH: The Corporation is authorized to issue a total of seven million (7,000,000) shares of all classes of stock. Of such total number of authorized shares of stock, five million (5,000,000) shares are Common Stock, each of which shares of Common Stock has a par value of $0.10, and two million (2,000,000) shares are Preferred Stock, each of which shares of Preferred Stock has a par value of $0.10. A statement of the designations of the authorized classes of stock or of any series thereof, and the powers, preferences and relative,

participating, optional or other special rights, and the qualifications, limitations or restrictions thereof, or of the authority of the Board of Directors to fix by resolution or resolutions such designations and other terms, is as follows:

A. Preferred Stock

The Preferred Stock may be issued from time to time in one or more series. The Board of Directors is hereby authorized: to fix or alter by resolution or resolutions (1) the dividend rights, dividend rate, conversion rights, voting rights, rights and terms of redemption (including sinking fund provisions), the redemption price or prices, and the liquidation preferences, and (2) all other designations, powers, preferences, rights, and the qualifications, limitations, or restrictions thereof permitted by the General Corporation Law of the State of Delaware then in effect (see Section 151 and any successors thereof) of any wholly unissued series of Preferred Stock, and the number of shares constituting any such series and the designation thereof, or any of them; and to increase or decrease the number of shares of any series subsequent to the issue of shares of that series, but not below the number of shares of such series then outstanding. In case the number of shares of any series shall be so decreased, the shares constituting such decrease shall resume the status of authorized but unissued shares which they had prior to the adoption of the resolution originally fixing the number of shares of such series.

B. <u>Common Stock</u>

The holders of Common Stock issued and outstanding, except where otherwise provided by law, by this Certificate of Incorporation, or by the Board of Directors pursuant to the authority granted by this Certificate of Incorporation to grant voting rights to Preferred Stock, shall have and possess the exclusive right to notice of meetings of stockholders and the exclusive voting rights and powers. Until such voting rights and rights to notice of meetings have been granted to the Preferred Stock by the Board of Directors, the holders of the Preferred Stock shall not be entitled to any notice of meetings of stockholders or to vote upon the election of directors or upon any questions affecting the management or affairs of the Corporation, except where such notice or vote is required by law or by an amendment to this Certificate of Incorporation. Subject to the provisions of the applicable law and the rights and preferences of the Preferred Stock, dividends may be paid on the Common Stock at such time and in such amount and form as declared by the Board of Directors out of any funds of the Corporation legally available for the payment of such dividends.

<u>FIFTH</u>: The Board of Directors shall be divided into three classes, each class to be as nearly equal in number as possible and to have the number provided in the By-Laws. The first term of office of the directors shall expire as follows: (1) for the first class, at the first annual meeting

of stockholders following the first election of the first class, (2) for the second class, at the second annual meeting following such first election, and (3) for the third class, at the third annual meeting following such first election. Thereafter, at each annual meeting of stockholders, directors shall be chosen for a term of three years to succeed those whose terms then expire and shall hold office until the third annual meeting of stockholders thereafter and until the election of their respective successors. Any vacancy on the Board of Directors, whether arising through death, resignation or removal of a director or through an increase in the number of directors of any class, shall be filled by a majority vote of the remaining directors of the class in which such vacancy occurs, or by the sole remaining director of that class if only one such director remains, or by majority vote of the remaining directors of the other two classes if there shall be no remaining director of the class in which the vacancy occurs or if there shall be a deadlock in the class. The term of office of any director elected to fill such a vacancy shall expire at the expiration of the term of office provided for directors of the class in which the vacancy occurred.

The Board of Directors from time to time may increase or decrease the number of directors from the number established originally in the By-Laws by an amendment to the By-Laws. However, the number of directors shall not be increased or decreased by more than two within any period of twelve

months, whether by action of the Board of Directors or the stockholders, except upon the affirmative vote or written consent of the holders of not less than seventy-five percent (75%) of the outstanding voting stock.

No decrease in the number of directors shall be effective to remove any director in office prior to the expiration of his term.

This Article may be amended only upon the affirmative vote or written consent of the holders of not less than seventy-five percent (75%) of the outstanding voting stock.

SIXTH: The following provisions are inserted for the management of the business and the conduct of the affairs of the Corporation, and for further definition, limitation and regulation of the powers of the Corporation and of its directors and stockholders:

(1) The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors.

(2) The directors and stockholders shall have concurrent and independent power to make, alter, amend, change, add to or repeal the By-Laws of the Corporation, subject to the limitations described in Article FIFTH relating to changing the number of directors.

(3) Election of directors need not be by written ballot unless the By-Laws so provide.

(4) In addition to the powers and authorities herein or by statute expressly conferred upon them, the directors are hereby empowered to exercise all such powers and do all such acts and things as may be exercised or done by the Corporation, subject, nevertheless, to the provisions of the statutes of the State of Delaware, this Certificate of Incorporation, and any By-Laws adopted by the stockholders; provided, however, that no By-Laws thereafter adopted shall invalidate any prior act of the directors which would have been valid if such By-Laws had not been adopted.

SEVENTH: The Corporation shall have the power to indemnify all persons whom it may indemnify under and to the fullest extent permitted by the General Corporation Law of the State of Delaware in effect from time to time.

EIGHTH: The affirmative vote or written consent of the holders of not less than seventy-five percent (75%) of the outstanding voting stock of the Corporation shall be required for any:

(1) merger or consolidation of the Corporation with or into a Related Entity;

(2) sale, lease or exchange of all or substantially all of the assets of the Corporation to or with a Related Entity; or

(3) issuance to a Related Entity during any twelve-month period of securities representing (or which would represent upon the exercise of any conversion rights, warrants, or other rights pertaining thereto or issued therewith) five percent (5%) or more of the voting power of the Corporation.

In all other cases, the vote or written consent shall be such as otherwise required by law.

As used in this Article Eighth, the term "Related Entity" shall mean each person, corporation, partnership, trust, association or other entity which is the beneficial owner, directly or indirectly, of five percent (5%) or more of any class of equity securities of the Corporation on the record date fixed by the Board of Directors or by law for the determination of stockholders entitled to notice of and to vote on or give their written consent to a transaction subject to this Article Eighth. For the purposes hereof, any person, corporation, partnership, trust, association or other entity shall be deemed to be the beneficial owner of any equity securities of the Corporation (i) which may be acquired pursuant to any agreement or upon exercise of conversion rights, warrants, or options or otherwise, or (ii) which are beneficially owned, directly or indirectly (including equity securities deemed owned pursuant to the application of clause (i) above), by any person, corporation, partnership, trust, association or other entity with which it has any agreement, arrangement or

understanding with respect to the acquisition, holding, voting or disposition of equity securities of the Corporation or which is its "affiliate" or "associate" as those terms are defined in Rule 12b-2 of the General Rules and Regulations under the Securities Exchange Act of 1934.

Anything herein to the contrary notwithstanding, the provisions of this Article Eighth shall not apply to any merger, consolidation, sale, lease or exchange of assets, or issuance of securities solely between the Corporation and another corporation in which the Corporation owns fifty percent (50%) or more of the outstanding voting stock.

The Board of Directors shall have the power and duty to determine in good faith, after reasonable inquiry, whether any proposed transaction is within the scope of this Article Eighth (including whether any party to a transaction is a Related Entity) and any such determination shall be conclusive and binding for all purposes. The stockholder vote or written consent, if any, required for approval of any transaction which the Board of Directors determines is not within the scope of this Article Eighth shall be determined by the applicable provisions of the General Corporation Law of the State of Delaware.

This Article Eighth may not be amended, altered, changed or repealed except on the affirmative vote or written consent of the holders of not less than seventy-five percent (75%) of the outstanding voting stock.

**NINTH:** The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, and all rights conferred upon stockholders herein are granted subject to this reservation.

**TENTH:** The name and mailing address of the Incorporator is as follows:

| Name | Address |
| --- | --- |
| John R. Woodhull | 21535 Hawthorne Boulevard<br>-ance, California 90503 |

I, THE UNDERSIGNED, incorporator hereinbefore named, for the purpose of forming corporation pursuant to the General Corporation Law of the State of Delaware do make this Certificate, hereby declaring and certifying that this is my act and deed and the facts herein stated are true and accordingly have hereunto set my hand this 20th day of July, 1978.

John R. Woodhull